PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>SOUTHERN</u> DISTRICT OF TEXAS
<u>HOUSTON</u> DIVISION

United States Courts
Southern District of Texas
**FILED**

JUN 28 2023

Nathan Ochsner, Clerk of Court

<u>DANNY SMITH #2232940</u>
Plaintiff's Name and ID Number

<u>JOHN M. WYNNE UNIT</u>
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

<u>JASON HATTHORN,</u>
Defendant's Name and Address

<u>CHARLES McELHANEY, and</u>
Defendant's Name and Address

JURY TRIAL DEMANDED

<u>MARKITA MERCHANT, sued in their INDIVIDUAL capacities.</u>
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ___NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: N/A
      2. Parties to previous lawsuit:
         Plainti(s) N/A
         Defendant(s) N/A
      3. Court: (If federal, name the district; if state, name the county.) N/A
      4. Cause number: N/A
      5. Name of judge to whom case was assigned: N/A
      6. Disposition: (Was the case dismissed, appealed, still pending?) N/A
      7. Approximate date of disposition: N/A

Rev. 05/15

2

II.  PLACE OF PRESENT CONFINEMENT: JOHN M. WYNNE UNIT

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  ___YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Danny Smith, TDCJ #2232940, Wynne Unit, 810 FM 2821, Huntsville, Texas 77349

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Jason Hatthorn, Captain, Wynne Unit, 810 FM 2821, Huntsville, Texas 77349

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Used Excessive Force against Plaintiff.

Defendant #2: Charles McElhaney, Lieutenant, Wynne Unit, 810 FM 2821, Huntsville, Texas 77349

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Used Excessive Force against Plaintiff.

Defendant #3: Markita Merchant, Correctional Officer 5, Wynne Unit, 810 FM 2821, Huntsville, Texas 77349

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Failed to intervene to prevent or stop the Excessive Force.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See pages 7 through 9.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

See page 10.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Danny Dewayne Smith

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
696669, 2232940, and two other TDCJ numbers I forgot.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES ____NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date sanctions were imposed: N/A
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?    ____ YES ____NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date warning was issued: N/A

Executed on: 6-11-23
          DATE

Danny D. Smith
_____
(Signature of Plainti )

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___11th___ day of ___June___, 20 _23_ .
             (Day)            (month)         (year)

Danny D. Smith
_____
(Signature of Plainti )

**WARNING:** Plainti  is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

## COMPLAINT WITH JURY DEMAND

### INTRODUCTION

This is a civil rights action filed by Danny Smith ("PLAINTIFF"), a state prisoner, for damages relief under 42 U.S.C. §1983, alleging excessive use of force in violation of the Eighth Amendment to the United States Constitution. The Plaintiff also alleges the torts of assault and battery.

### JURISDICTION

1. This court has jurisdiction over the Plaintiff's claims of violations of federal constitutional rights under 42 U.S.C. §§ 1331 and 1343.

2. This court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. § 1367.

### PARTIES

3. Plaintiff Danny Smith was at all times relevant to this action a prisoner incarcerated in the Texas Department Of Criminal Justice-CID John M. Wynne Unit, which is located in the Southern District of Texas.

4. Defendant Jason Hatthorn was at all times relevant to this action the Captain at the Wynne Unit and was acting under color of state law. He was responsible to ensure the safety of Plaintiff.

5. Defendant Charles McElhaney was at all times relevant to this action the Lieutenant at the Wynne Unit and was acting under color of state law. He was responsible to ensure the safety of Plaintiff.

6. Defendant Markita Merchant was at all times relevant to this action a Correctional Officer at the Wynne Unit and was acting under color of state law. She was responsible to ensure the safety of Plaintiff.

6

## FACTUAL ALLEGATIONS

7. On January 5, 2023, Plaintiff was asleep in the bottom bunk-bed in cell C2-3-14.

8. As Plaintiff was asleep, he felt someone's hand across his face, which he immediately threw his hand up, accidently knocking a clipboard out of Correctional Officer Patrcia Gunningham's hand.

9. Officer Gunningham was reaching through the cell bars attempting to remove a jacket that was placed above Plaintiff's head.

10. Ms. Gunningham left from in front of my cell to call for a supervisor.

11. Shortly after, Defendants Hatthorn, McElhaney, and Merchant came in front of my cell.

12. Defendant Hatthorn ordered Plaintiff to submit to hand restraints, which Plaintiff complied by turning around and puting his hands behind his back.

13. Instead of placing Plaintiff in hand restraints, Defendant Hatthorn told the picket officer to open the door, and he then, reached into the cell, grabbed Plaintiff by the shirt, and jerked him forward.

14. In self-defense, Plaintiff beginned to defend himself from defendant Hatthorn's unecessary force, when defendant McElhaney rushed at Plaintiff, and he and defendant Hatthorn pushed Plaintiff into the back of the cell.

15. As to the claim in paragraph 14, Plaintiff believes defendants pushed him into the back of the cell so the cameras couldn't see the excessive force and Assault.

16. Once we were in the back of the cell, defendants Hatthorn and McElhaney repeatedly punched Plaintiff in the face with closed fist, while defendant Merchant stood watching at the entrance to the cell.

17. During the excessive force and assault, defendant Hatthorn or McElhaney struck me in the head with a officer's walkie-talkie radio, causing Plaintiff excrusiating pain and suffering.

18. Defendant McElhaney then put Plaintiff in a choke hold, causing Plaintiff to lose consciousness.

19. During the entire incident, defendant Merchant did nothing to intervene or stop the excessive force nor did she tell the other defendants to stop or call for assistance to stop the assault.

20. Plaintiff was then shackled and escorted to medical for examination and treatment for the physical injuries he suffered.

21. The medical nurse examined Plaintiff and documented his injuries as a cut below left eye, abrasions and lacerations to the right cheek and side of the nose, and abrasions and lacerations to the top of Plaintiff's head.

22. As to the claim in paragraph 21, Plaintiff received medical treatment for his injuries.

23. Plaintiff was thereafter placed in Pre-Hearing Detention, a solitary cell, and written two disciplinary cases for assault on staff.

24. At the disciplinary hearing, Plaintiff testified that he only defended himself against defendant Hatthorn and he never assaulted Ms. Gunningham and requested that the camera be reviewed to show evidence to support his claim.

25. The disciplinary hearing officer and the counsel representing Plaintiff told him that the cameras were reviewed but the camera didn't see the incident.

26. Plaintiff was found guilty of the charges and punished with close custody and other punishments.

27. Defendants Hatthorn and McElhaney did not apply force in a good-faith effort to maintain and restore discipline but maliciously and sadistically to cause Plaintiff harm.

28. Defendants Hatthorn and McElhaney acted wantonly, vicious, and willfully and defendant Merchant failed to do anything to protect Plaintiff's safety.

## CAUSES OF ACTION
### Count 1

Plaintiff Was Subjected To Cruel and Unusual Punishment In Violation of The Eighth Amendment To The Constitution.

29. Plaintiff incorporates paragraph 1 through 28 as though they were stated fully herein.

30. Defendants Hatthorn and McElhaney violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by repeatedly punching him in the face with closed fist, hitting Plaintiff in the head with a walkie-talkie radio, and choking him until Plaintiff became unconscious. These actions caused Plaintiff pain, suffering, physical, emotional, and mental injury.

31. Defendant Merchant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to intervene to prevent the excessive force or do anything to help stop the misuse of force.

### COUNT 2

Plaintiff Was Subjected To Assault and Battery In Violation of Texas Tort Law.

32. The actions of Defendants Hatthorn and McElhaney in using physical force against Plaintiff without need or provocation constituted the tort of assault and battery under Texas Tort Law.

9

33. The failure of Defendant Merchant to intervene to stop the assault or do anything to help stop the assault constituted the tort of negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court grant the following relief:

A. Award compensatory damages in the following amounts:

1. $15,000 jointly and severally against Defendants Hatthorn and McElhaney for the physical and emotional injuries sustained as a result of the Plaintiff's beating; and

2. $5,000 against Defendant Merchant for failing to intervene.

B. Award Punitive damages in the following amounts:

1. $10,000 against each Defendant Hatthorn and McElhaney; and $5,000 against Defendant Merchant.

C. Award Nominal damages in the following amounts:

1. $1,000 against each Defendant Hatthorn, McElhaney, and Merchant.

D. Grant other just relief that this Honorable Court deems necessary and in the interest of justice.

June 12, 2023

Respectfully submitted,

Danny Smith #2232940
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

Aaron Smith #2232940
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

United States Courts
Southern District of Texas
FILED
JUN 28 2023
Nathan Ochsner, Clerk of Court

District Clerk
Post Office Box
Houston, Texas

LEGAL MAIL